**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TARA SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0311-CVE-PJC |
| ) | |
| DIRECTV CUSTOMER SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are Plaintiff's Application for Leave to File Second Amended Complaint (Dkt. # 29), and Plaintiff's Motion for New Scheduling Order (Dkt. # 30).[1] Defendant did not file a response to plaintiff's motion for a new scheduling order, but did respond to plaintiff's motion to amend. See Dkt. # 37.

**I.**

Plaintiff filed this case on May 28, 2008, alleging claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. (Title VII), and a common law claim for wrongful termination under Oklahoma law. Dkt. # 1, at 1. Plaintiff alleges that she was hired by DIRECTV, INC. and DIRECTV Customer Services, Inc. (DIRECTV) on September 11, 2006. Id. at 2. She claims that a co-worker, Aundrea Radford, sexually harassed her and DIRECTV refused to take any action to remedy the sexual harassment. DIRECTV allegedly fired plaintiff on October 2, 2007, and plaintiff claims that her termination was an act of retaliation

---

[1] Plaintiff's motion for new scheduling order was coupled with a motion to continue her deposition. Plaintiff's motion to continue her deposition was referred to the magistrate judge and the motion was granted. Plaintiff's motion for a new scheduling order is still pending and will be addressed in this Opinion and Order.

for reporting sexual harassment. Id. at 2-3. Plaintiff filed an amended complaint (Dkt. # 17) omitting DIRECTV, INC. as a party based upon defense counsel's representations that this entity was not a proper party.

A scheduling order (Dkt. # 21) set, inter alia, a deadline of November 5, 2008 to file motions to join parties or amend pleadings, a discovery cutoff of December 11, 2008, and a jury trial for March 16, 2009. Plaintiff filed an unopposed motion for a new scheduling order (Dkt. # 23), requesting a 60 day extension of many deadlines in the scheduling order, because the parties were unable to schedule depositions within the discovery cutoff. However, she did not request an extension of the deadline to file motions to join parties or amend pleadings. The Court granted the motion and entered an amended scheduling order. Dkt. # 24. The discovery cutoff was reset for February 11, 2009 and jury trial was reset for May 18, 2009, but the amended scheduling order did not include a deadline for filing motions to join parties or amend pleadings.

Plaintiff appeared for a deposition on January 16, 2009, but plaintiff's counsel stopped the deposition before it could be completed. Dkt. # 26, at 1. Plaintiff claimed that defense counsel was "abusive, raised his voice and became harassing in nature during his questioning of Plaintiff." Id. She requested a protective order requiring defendant to conduct the remainder of the deposition before a magistrate judge. Id. at 2. The motion for a protective order was referred to the magistrate judge, and he ordered plaintiff to appear for a deposition in his courtroom on February 3, 2009. Dkt. # 28. Due to plaintiff's failure to continue with her deposition, defense counsel cancelled the depositions of defense witnesses scheduled for January 27, 2009, and refused to reschedule these depositions until plaintiff's deposition was completed. Dkt. # 35, Ex. 3.

On January 28, 2009, plaintiff filed a motion to amend and a motion for new scheduling order. Plaintiff requests leave to add a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA), and "additional pendent state law claims."[2] Dkt. # 29, at 2. According to plaintiff, she did not file a motion to amend before the November 5, 2008 deadline because she did not obtain discovery documents from defendant until January 14, 2009 that suggested she may have additional claims. Id. at 1. On January 30, 2009, the magistrate judge cancelled the February 3, 2009 deposition of plaintiff pending a ruling on plaintiff's motion to amend and her motion for a new scheduling order.

## II.

Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182 (1962). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006). A court may deny leave to amend "when the party filing the motion has no adequate explanation for

---

[2] Plaintiff's motion does not identify the state law claims with any specificity, but plaintiff's proposed second amended complaint includes new claims for intentional infliction of emotional distress and negligence. Dkt. # 29, Ex. 1

3

the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

### III.

Plaintiff seeks leave to file a second amended complaint to add an FMLA claim and other state law claims. Defendant opposes plaintiff's motion on the grounds of delay and unfair prejudice to defendant. Defendant claims that plaintiff was in possession of facts from the time she filed her original complaint giving rise to the new claims, and she has not offered any explanation for her failure to raise these claims in a timely manner. Defendant also argues that it will be prejudiced if plaintiff is permitted to amend, because the proposed claims would open up entirely new areas of discovery and would require a substantial investment of time and resources.[3]

Plaintiff claims that any delay in filing this motion to amend is attributable to defendant's delay in producing discovery. Dkt. # 29, at 1. She states that she submitted written discovery requests to defendant on August 15, 2008. She claims that she received written responses from defendant on November 5, 2008, but defendant did not produce any documents until January 14, 2009. Id. She states that "[a]fter reviewing the documents provided by the Defendant on January 14, 2009, Plaintiff wishes to amend her complaint to include a claim for retaliatory discharge pursuant to the Family and Medical Leave Act and additional pendent state law claims." Id. at 2. This is the sole explanation for plaintiff's delay in filing her motion to amend. Defendant claims that plaintiff produced with her discovery responses various FMLA leave request forms and company guidelines concerning the FMLA, and that she possessed documents putting her on notice

---

[3] Plaintiff did not file a reply in support of her motion and has offered no response to defendant's arguments.

of a possible FMLA claim when she filed this lawsuit. Dkt. # 37, at 3. Defendant argues that plaintiff's discovery responses were approximately four months late and she concealed these facts to create an appearance that defendant's delay in providing discovery responses excuses the untimeliness of her motion to amend. Id. at 4.

Plaintiff's motion to amend is two pages long and provides no details on any specific evidence she received in discovery that put her on notice of new claims. The Court has reviewed her proposed second amended complaint and finds that it provides no specific factual allegation concerning any of her new claims. It is not clear from plaintiff's motion to amend or her proposed second amended complaint what new facts she may have learned after filing lawsuit that would give rise to an FMLA claim or state law claims for intentional infliction of emotional distress or negligence. Defendant has produced evidence showing that plaintiff was in possession of FMLA forms and company guidelines for requesting FMLA leave when she filed this lawsuit. The Court also questions how plaintiff could have been unaware of facts giving rise to a claim for intentional infliction of emotional distress, considering the type of severe and pervasive conduct required under Oklahoma law to recover under this theory of liability. See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998); Breeden v. League Servs. Corp., 575 P.2d 1374, 1376 (Okla. 1978). Without further explanation from plaintiff, her stated reason for seeking to add new claims does not adequately explain why she could not have raised these claims in her original complaint or why she did not file a motion to amend sooner.

It is apparent that plaintiff did not file her motion to amend within the deadline in the scheduling order for filing such motions.[4] Plaintiff claims that her failure to file a motion to amend within the deadline in the scheduling order does not support denial of her motion and cites Peel v. Turner, 2007 WL 2156393 (N.D. Okla. July 25, 2007). She quotes the following passage from Peel:

> Defendants first argue that the Court should strike plaintiff's amended complaint because he failed to file the amended complaint by May 8, 2007 pursuant to the Court's Order on April 24, 2007. See Dkt. # 14. Although plaintiff filed his amended complaint beyond the date specified by the Court, the Court finds that, in the interest of justice, the amended complaint should not be stricken.

Id. at *1. However, Peel is so factually distinguishable from the present case that plaintiff's citation provides no support for her argument that her failure to file a motion to amend by the deadline in the scheduling order should be excused. In Peel, the plaintiff was appearing pro se and had recently been released from prison. Id. He requested leave to file an amended complaint. The Court granted his motion to amend and set a deadline of May 8, 2007 for the plaintiff to file an amended complaint. Id. The plaintiff did not file his amended complaint until May 29, 2007. Given the plaintiff's pro se status, the Court declined to strike the plaintiff's amended complaint but warned plaintiff that he must comply with the Court's deadlines in the future. Id. In this case, plaintiff is represented by counsel and deadlines in the scheduling order must be more strictly enforced. Peel certainly does not stand for the general proposition that a plaintiff's failure to meet the deadline in

---

[4] Defendant argues that plaintiff has not complied with LCvR 7.2(l) in filing her motion to amend, and this is additional evidence showing that plaintiff's "delay in seeking to amend goes beyond inexcusable neglect and amounts to a willful disregard of the Court and its processes." Dkt. # 37, at 5. LCvR 7.2(l) requires a party filing a motion to amend to state "(1) the deadline date established by the scheduling order, if any, and (2) whether any other party objects to the motion." Plaintiff's motion does not meet either requirement of LCvR 7.2(l) but, without more, this does not compel denial of plaintiff's motion. Plaintiff's non-compliance with LCvR 7.2(l) is simply a factor in the Court's decision.

the scheduling order to file a motion is amend is excusable, and Peel lends no support to plaintiff's argument. To the contrary, the Court finds that a party's failure to comply with a deadline in the scheduling order is a relevant factor when ruling on a motion to amend.

After considering the arguments of the parties, the Court finds that plaintiff did not file a motion to amend within the deadline established in the scheduling order and she has not provided an adequate reason justifying her delay in filing a motion to amend.[5] Plaintiff claims that she was not aware of her proposed FMLA and state law claims until she received documents from defendant on January 14, 2009. Dkt. # 29, at 1. However, she does not cite any specific facts she learned from defendant's discovery documents and defendant has shown that plaintiff should have been on notice of her proposed claims when she filed the case. Under Minter, the Court's focus in considering delay as a basis to deny a motion to amend is the adequacy of the moving party's explanation for the delay. Minter, 451 F.3d at 1206. In this case, plaintiff's explanation is inadequate and lacks

---

[5] Defendant argues that allowing plaintiff to file a second amended complaint adding her proposed claims would prejudice defendant, because the proposed claims would open up new factual and legal issues that were not part of plaintiff's original claims and would subject defendant to substantial new discovery demands. Dkt. # 37, at 7. Defendant also argues that granting plaintiff's motion to amend would delay plaintiff's suspended deposition, because the new claims would require defendant to conduct additional discovery before completing plaintiff's deposition. Id. This is not the type of prejudice that requires denial of a motion to amend. When considering prejudice to the party opposing a motion to amend, the focus is on whether the amendment will unfairly prevent a party from preparing a defense. Minter, 451 F.3d at 1207-08. Defendant simply claims that it will have to conduct additional discovery, but there is no indication that defendant would be unable to prepare a defense. Therefore, prejudice alone is not an appropriate basis to deny plaintiff's motion to amend.

credibility. Due to plaintiff's delay in seeking to amend her complaint to add new claims, the Court finds that plaintiff's motion to amend (Dkt. # 29) should be denied.[6]

## IV.

Plaintiff requests a new scheduling order because the parties need additional time to complete her deposition and to take depositions of defendant's corporate representatives. Defendant has not filed a response to this motion and has not communicated to plaintiff's counsel that it objects. It would present a hardship to both parties if they were required to prepare for trial under the current scheduling order. The discovery cutoff has passed and critical discovery remains to be completed. Inadequate discovery may prevent either party from preparing a dispositive motion. Although some of the delay can be traced to plaintiff's decision to discontinue her deposition and to file a belated motion to amend, defendant did not produce discovery documents until January 2009 and it is not wholly free from blame. The Court finds that plaintiff's motion for a new scheduling order should be granted but, in light of the denial of plaintiff's motion to amend, any extension will be minimal. An amended scheduling order will be entered.

---

[6] The Court has also reviewed plaintiff's proposed amended complaint and finds that the new claims would not survive a motion to dismiss under Rule 12(b)(6). The new claims contain nothing more than a recitation of the elements of legal theories, and the proposed second amended complaint contains no specific factual allegations supporting these claims. Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), a plaintiff has an obligation to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 1965. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). Without any specific factual allegations, plaintiff's conclusory allegations would be insufficient to survive a motion to dismiss under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Second Amended Complaint (Dkt. # 29) is **denied**; Plaintiff's Motion for New Scheduling Order (Dkt. # 30) is **granted**; and an amended scheduling order will be entered forthwith.

**DATED** this 11th day of March, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT