IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TARA SCOTT,                                    )
                                               )
        **Plaintiff,**          )
                                               )
v.                                             )     Case No. 08-CV-0311-CVE-PJC
                                               )
DIRECTV CUSTOMER SERVICES, INC.,               )
                                               )
        **Defendant.**          )

## OPINION AND ORDER

Now before the Court are Plaintiff's Motion to Reconsider (Dkt. # 46) and defendant's Motion for Entry of Amended Scheduling Order (Dkt. # 74). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 39) denying her motion requesting leave to file a second amended complaint adding a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA). Defendant asks the Court to enter an amended scheduling order extending all remaining deadlines in the scheduling order due to delays in completing discovery.

Plaintiff filed this case on May 28, 2008, alleging claims of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended et seq. (Title VII), and a common law claim of wrongful termination under Oklahoma law. Dkt. # 1, at 1. Plaintiff filed an amended complaint clarifying that the correct defendant is DIRECTV Customers Services, Inc. Dkt. # 17. The Court entered a scheduling order (Dkt. # 21) setting, inter alia, a deadline of November 5, 2008 to file motions to join parties or amend pleadings, a discovery cutoff of December 11, 2008, and a jury trial date of March 16, 2009. Plaintiff requested a new scheduling order extending many of the deadlines in the scheduling order by 60 days, but plaintiff did not request an extension of the deadline to file motions to join parties or amend pleadings. Dkt. # 23.

The Court granted plaintiff's motion and entered an amended scheduling order without a new deadline to file motions to amend.

Plaintiff filed a motion to amend on January 28, 2009, requesting leave to file a second amended complaint adding a claim under the FMLA and other state law claims. Dkt. # 29. She claimed that she received responses to her requests for production from defendant on January 14, 2009, but defendant allegedly produced these documents about four months late. She asserted that the recently-produced documents suggested that she had additional claims against defendant. Defendant objected to plaintiff's motion to amend on the grounds of delay and unfair prejudice. Dkt. # 37. Plaintiff failed to file a reply and did not address defendant's arguments. On March 11, 2009, the Court denied plaintiff's motion to amend due to her failure to provide an adequate explanation for her delay in seeking leave to amend. Dkt. # 39. Due to delays in completing discovery, the Court entered an amended scheduling order resetting the jury trial for July 20, 2009 and other deadlines accordingly. Dkt. # 40.

Plaintiff has filed a motion asking the Court to reconsider its opinion and order denying her motion to amend.[1] Dkt. # 46. She has not raised any new arguments in support of her request to file a second amended complaint but, instead, re-asserts the same argument concerning defendant's late production of discovery documents. However, this time, she has attached a complete set of documents that were produced by defendant on January 14, 2009. The documents appear to be a copy of plaintiff's employment file maintained by defendant. Defendant argues that many of these documents were in plaintiff's possession when she filed this lawsuit. Regardless of the timeliness

---

[1] Plaintiff limits her request for reconsideration to the Court's denial of her request to add an FMLA claim, and has withdrawn her request for leave to amend to add state law claims. Dkt. # 46, at 2.

of defendant's disclosure of these documents, defendant also argues that plaintiff was aware of her own request for FMLA leave and the date of her resignation, and the documents produced by defendant on January 14, 2009 do not provide any additional support for an FMLA claim under either an interference or retaliation theory.

The Court treats plaintiff's motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Plaintiff's motion does not address the appropriate standard of review for her motion to reconsider, but her motion implies the Court should reconsider its opinion and order under a de novo standard. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiff's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC

v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

The Court's opinion and order was not a first draft, and the Court will not revisit arguments that should have been presented before or have already been rejected. Plaintiff renews her argument that she did not include an FMLA claim in her original or amended complaints or seek leave to amend sooner, because defendant withheld relevant documents during discovery. However, this argument does not support a request for reconsideration. Plaintiff acknowledges that she possessed all of the documents attached to her motion to reconsider at the time she filed her motion to amend. Dkt. # 46, at 1-2. These documents could have been discussed in or attached to her motion to amend, because these documents were in her possession when she filed her motion to amend. See Committe for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992) ("When supplementing a [motion to reconsider] with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence."). Thus, the documents attached to plaintiff's motion to reconsider do not constitute newly discovered evidence and do not provide a basis to reconsider the Court's previous opinion and order. Plaintiff's motion to reconsider simply reasserts her previous argument in greater detail, but she has not raised a legitimate basis for the Court to reconsider its previous opinion and order.

Even if the Court were to consider the documents attached to plaintiff's motion to reconsider, the Court finds that plaintiff's motion to reconsider should be denied. It is not clear whether plaintiff is attempting to state a claim of interference or retaliation under the FMLA in her proposed second amended complaint. To state a prima facie case of interference with her FMLA rights, plaintiff must

allege "(1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with h[er] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of h[er] FMLA rights." Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007). To state a prima facie case of retaliation, plaintiff must allege that "she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." Id. At the time plaintiff filed this lawsuit, she knew that she had requested FMLA leave on September 12, 2007, and that she resigned from her employment with defendant on October 2, 2007.[2] Plaintiff claims that evidence produced in discovery shows that her FMLA request was still under review at the time she resigned. However, she offers no explanation why this fact is relevant to her decision to file a motion to amend in January 2009. Plaintiff has submitted an affidavit stating that she believed her FMLA claim had been approved and she was not aware that her request for FMLA leave was still pending at the time she resigned. Dkt. # 46, Ex. 3. This suggests that plaintiff did not actually attempt to take FMLA leave between September 12 and October 2, 2007, because it is reasonable to assume that defendant would have informed her that her request to take FMLA leave had not been approved. The evidence produced by plaintiff also establishes that she resigned due to alleged sexual harassment, not denial or interference with her rights under the FMLA. Dkt. # 46, Ex. 2, at 18. Therefore, the documents attached to plaintiff's motion to reconsider do not provide additional support for an FMLA claim

---

[2] Plaintiff will undoubtedly argue that she was constructively discharged, and the Court makes no finding on this issue in this Opinion and Order. The evidence shows that plaintiff submitted a resignation letter, because she believed she was being subjected to sexual harassment by a co-worker and defendant was allegedly unwilling to remedy the situation. See Dkt. # 46, Ex. 2, at 18.

5

and, assuming that plaintiff could state an FMLA claim, she could have raised this claim at the time she filed her original or amended complaints.

Regardless of the outcome of plaintiff's motion to reconsider, defendant asks the Court to enter an amended scheduling order due to the magistrate judge's order resetting the discovery cutoff. Dkt. # 74. Plaintiff dies not oppose the motion (Dkt. # 78). Plaintiff requested and received an extension of the discovery cutoff, and this has affected defendant's ability to comply with other deadlines in the scheduling order. See Dkt. # 71. Defendant requested and received an extension of the dispositive motion deadline, and the dispositive motion deadline has been extended from May 13 to June 19, 2009. Dkt. ## 76, 77. The case is set for jury trial on July 20, 2009. With extensions of the discovery cutoff and the dispositive motion deadline, the parties will not have sufficient time to complete pretrial activities and prepare for trial. Therefore, the Court finds that defendant's motion for an amended scheduling order should be granted.[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Dkt. # 46) is **denied**.

**IT IS FURTHER ORDERED** that defendant's Motion for Entry of Amended Scheduling Order (Dkt. # 74) is **granted**, and an amended scheduling order will be entered forthwith.

**DATED** this 14th day of May, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]  The amended scheduling order will incorporate the extensions of the discovery cutoff to June 12, 2009 and the dispositive motion deadline to June 19, 2009.